NELLIE, The CORA. See Case No. 3,217.

## Case No. 10,097.
### The NELLIE D.
[5 Blatchf. 245; [1] 2 Int. Rev. Rec. 62.]
Circuit Court, S. D. New York. Aug. 22, 1865.
COLLISION—RIGHT OF WAY—VESSELS SAILING IN SAME DIRECTION.

Where two sailing vessels are beating in the same direction, the hindmost vessel is bound to know that the leading vessel must come about on running out her course, and to know the time and place when and where the manoeuvre must take place, and to take proper measures to permit the movement without coming into dangerous proximity.

[Cited in The Charlotte Raab, Case No. 2,-622; The Clytie, Id. 2,913.]

[Appeal from the district court of the United States for the Southern district of New York.]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

This was a libel in rem, filed in the district court, by the owners of the schooner Sea Bird, against the schooner Nellie D., to recover damages for a collision which occurred between the two vessels, on the morning of the 21st of November, 1860, while they were beating up through the entrance into the lower bay of New York at Sandy Hook. The wind was northwest, or west by north, and a five or six knot breeze. Both vessels were on the starboard tack, going toward Sandy Hook beach. The Sea Bird was leading, and slightly to the windward, and tacked about, and, on her larboard tack eastward, passed the Nellie D., which vessel, after going some thirty or forty yards, also tacked about, passing the other vessel on her tack eastward. The Sea Bird, after running out her course as far as it was prudent to go, came about, and while her sails were filling on the starboard tack, and before she got under way, the two vessels came in contact, their larboard bows together, doing considerable damage to each.

Charles Donohue, for libellant.
William J. Haskett, for claimants.

NELSON, Circuit Justice. I have looked with some care into the pleadings and proofs, with a view to ascertain whether either or both of the vessels committed any fault in navigation, and, as both were sufferers, whether or not the case could be fairly disposed of, on the hypothesis that neither was in fault. But, after the most careful scrutiny, I feel bound to say that I can see no fault in the navigation of the Sea Bird. On the contrary, she ran out her tack, and came about, according to usage and safe seamanship, and could have done nothing more to avoid the disaster. The Nellie D., following her, on the tack eastward, was bound to know that the leading vessel was obliged to come about on running out her course, and about the time and place the manoeuvre must necessarily take place, and should have taken the proper measure to permit the movement without coming into dangerous proximity. This was clearly in her power, and she should have exercised it early enough to avoid coming together.

It is urged that the Nellie D. was to the windward, and that the Sea Bird was in fault in coming about with the two vessels in that relative position. But the answer is, that the Sea Bird had no choice in the manoeuvre adopted. If she had not tacked she would have gone upon the shoals. Besides, I do not agree that the Nellie D. was to the windward. On the contrary, the weight of proof is otherwise; and, indeed, it would be difficult to account for the collision of the two larboard bows at all, on this hypothesis. The decree below is affirmed.